Dear Representative Odinet:
Reference is made to your request for an Attorney General's opinion regarding Revenue Sharing Funds distributed to the St. Bernard Parish Assessor for the fiscal year 1991 — 1992, pursuant to Act 945 of the 1991 Regular Session. Specifically, you ask whether the Assessor can distribute a portion of the funds he received to two non-profit entities: the St. Bernard Teen Foundation, Inc. and the St. Bernard Parish Mental Health Unit. You also ask whether such a transfer to the St. Bernard Teen Foundation, Inc. qualifies as a cooperative endeavor in accordance with La. Const. (1974) Art. VII, Sec. 14, thereby allowing the Assessor to provide funds to that organization.
Your questions must be addressed in light of the Louisiana Supreme Court decision rendered in City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399
(La. 1983). That case interpreted this state's constitutional prohibition against the loan, pledge or donation of assets belonging to a governmental entity and the exceptions thereto, the relevant provisions for which are set out in La. Const. (1974) Art. VII, Sec. 14(A) — (C).
In City of Port Allen, supra, the Court stated that Art. VII, Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The Court went on to state that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C) of Art. VII, does not provide for an exception to the prohibition contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A). . . Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
This office is unaware of any constitutional or statutory provisions which obligate an Assessor to fund or implement the goals of the St. Bernard Teen Foundation, Inc. or the St. Bernard Parish Mental Health Unit. While the efforts of both of those organizations are no doubt laudatory, the duties of Assessors are limited to obligations in connection with the assessment and valuation of property, and the preparation of tax rolls for purposes of taxation. We also note that Act 945 of 1991 does not mandate how the Revenue Sharing Funds received by the Assessor are to be used.
There being no underlying legal obligation or authority for a transfer of public funds by the Assessor to these organizations, it is the opinion of this office that the Constitution prohibits the Assessor from transferring any of the Revenue Sharing Funds received by him pursuant to Act 945 of 1991 to either of the entities referred to in your letter.
Although the decision of the Louisiana Supreme Court in Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) does not grant authority for the Assessor to transfer funds to the entities referred to, we are citing that decision herein as the St. Bernard Legislative Delegation may wish to keep it in mind when the next Revenue Sharing Bill is before the Legislature. In that case, a transfer of funds by the Nicholls State University Alumni Foundation to the Nicholls College Foundation was held to be given and accepted "under authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or legal duties" and "were accepted by the Foundation, assumedly a nonpublic body (a nonprofit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education". No doubt there is a governmental entity, other than the Assessor, that is entitled to share in the Parish's Revenue Sharing Funds and which also has legal duties that are closely aligned with the goals of the St. Bernard Teen Foundation, Inc. and the St. Bernard Parish Mental Health Unit. The St. Bernard Parish legislative delegation may wish to support the distribution of Revenue Sharing Funds to such an entity.
Trusting this adequately responds to your request, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav